# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LYNN EIDSON,<br><br>  Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No.  1:22-cv-00049-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING PLAINTIFF TO PAY THE FILING FEE AND DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>(ECF No. 2)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Barry Lynn Eidson filed a complaint on January 11, 2022, challenging a final decision of the Commissioner of Social Security denying his application for disability benefits. Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)

In order to proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating that he "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  The right to proceed without prepayment of fees in a civil case is a privilege and not a right.  Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984)

1  ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not violate the applicant's right to due process").  A plaintiff need not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it states that due to his poverty he is unable to pay the costs and still be able to provide himself and his dependents with the necessities of life.  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948).  Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion.  Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015).

Plaintiff claims no sources of income in the past twelve months.  (ECF No. 2 at 1.)  Plaintiff claims he has $15,000 in a savings account.  (Id. at 2.)  Plaintiff claims ownership of a house worth approximately $350,000, with a mortgage in the amount of $150,000.  (Id.)  Plaintiff claims ownership of a vehicle worth approximately $5,000.  (Id.)  Plaintiff also makes a vague statement that his wife "receives disability benefits of less than $20,000 per month."  (Id.)  Plaintiff claims expenses of (1) a mortgage payment of $1,200 per month; (2) utilities in the amount of $500 per month; (3) vehicle gas costs of $300 per month; (4) phone bills of $400 per month; (5) cable and internet costs of $200 per month; and (6) home and auto insurance costs totaling $200 per month.  (Id.)

In consideration of the substantial cash savings and other assets claimed by Plaintiff, as well as the proffered disability benefits received by his wife, Plaintiff demonstrates he can pay the costs and still be able to provide himself and his dependents with the necessities of life.  If Plaintiff submits objections to this findings and recommendations, he is expected to address the the spouse's proffered disability income, and further address the various expenses listed in the application, which appear excessive in relation to a claim of entitlement to proceed *in forma pauperis*.

///
///
///
///

1     Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* be DENIED and Plaintiff be ordered to pay the $402.00 filing fee for this action.

    The Clerk of the Court is DIRECTED to randomly assign this matter to a district judge.

    This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 12, 2022**

UNITED STATES MAGISTRATE JUDGE